UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) ) ) ) | |
| v. | ) ) | Criminal Action No.   12-40032-TSH |
| CHRISTOPHER HOFFMAN | ) ) ) ) | |

ORDER ON DEFENDANT'S MOTION FOR DISCOVERY

October 18, 2012

SOROKIN, C.M.J.

The Indictment charges the defendant with witness tampering and attempted witness tampering arising out of statements he allegedly made to the victim on or about October 18 and 19, 2011 concerning the victim's October 19, 2011 grand jury testimony.  The victim communicated via her cell phone with another person, via that person's cell phone, shortly after the defendant allegedly made the statements.  The government obtained both sets of cell phone records from October 18 through October 20, 2011.  The government disclosed the records after redacting: (1) the subscriber/billing information on each set of records (i.e., the defendant did not receive the address, email address, or home phone number for either the victim or the person with whom she communicated); and (2) all phone numbers for incoming and outgoing voice calls and text communications, except the numbers for those calls or texts during which the victim discussed the defendant's alleged statements.  The defendant now moves for disclosure of the records in unredacted form, and the government opposes.

The defendant contends that the phone numbers of the persons with whom the victim

communicated at, or near, the time of the alleged incident are material, as that term is used in Rule 16 of the Federal Rules of Criminal Procedure, to the preparation of his defense. The Court agrees. Whether, in these communications, the victim spoke about the conduct forming the basis of the charges in the Indictment or did not speak about the conduct, the records and the information flowing therefrom are material. This is especially so where the government looks to certain communications (related to unredacted phone numbers) during this time period to corroborate its primary witness's testimony. Besides challenging materiality, the government also raises the victim's privacy interest in protecting the phone numbers. That important interest, as well as the privacy interests of the persons the victim called or texted, does not justify nondisclosure, but is sufficient to warrant a protective order. Thus, the defendant's use of the information received pursuant to this Order is <u>limited</u> to the defense of this case, and the defendant may not make the phone numbers (or identities of the persons associated with the numbers) public without the Court's prior permission. If there are unique privacy concerns related to one or more specific phone numbers, the government may raise them at the upcoming status conference.

  The defendant's request for the home address, email address, and home phone number from each of the two sets of phone records described above is DENIED, as the defendant has not established he needs this information in order to identify or attempt to contact either of the two people. In addition, the defendant has not established this information has any other independent significance.

  The defendant's request for the redacted phone numbers listed on the phone record for the person whom the victim called is DENIED. This information is too remote, on the record before the Court, to qualify as material to the defense under Rule 16. Finally, the request for

scientific or other tests of the victim's cell phone is DENIED AS MOOT, as the government reports it already has disclosed the information regarding the only test it performed.

    Accordingly, the Discovery Motion (docket #28) is ALLOWED IN PART AND DENIED IN PART.  The government shall produce the additional discovery by close of business October 26, 2012.

                                   SO ORDERED.

                                    /s / Leo T. Sorokin
                             UNITED STATES MAGISTRATE JUDGE